

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS of ABC-NACO, INC., ) ) ) Appellant, ) ) -vs- ) ) SOFTMART, INC., ) ) Appellee. ) | No. 05 C 1224<br><br>JUDGE GEORGE W. LINDBERG |

## MEMORANDUM AND ORDER

The Official Committee of Unsecured Creditors of ABC-Naco, Inc. ("the Committee"), on behalf of ABC-Naco, Inc. ("Debtor"), is appealing a U.S. Bankruptcy Court judgment in favor of Softmart Inc. ("Softmart"). The bankruptcy court held that Debtor's transfer within the preference period was not avoidable because Debtor received "new value" under 11 U.S.C. §547(a)(2) and (c)(4) when it assigned contracts to a third party, Meridian Rail Corporation, ("Meridian").

Debtor entered into an agreement with Softmart, a "large account reseller" for Microsoft Corporation ("Microsoft"), to purchase Microsoft software licenses. Microsoft policy requires any purchasers from "large account resellers" to enter into two agreements with Microsoft regarding volume pricing and Microsoft's right to revoke in case of breach. Softmart was not privy to the two Debtor/Microsoft agreements.

Within 90 days prior to Debtor filing the bankruptcy petition and pursuant to the purchase agreement with Softmart, Debtor made four payments to Softmart totaling more than $98,000. After Debtor filed its bankruptcy petition, the bankruptcy court authorized a partial

1

sale of assets to alleviate its debt. Under this authority, Debtor assumed and assigned several contracts to Meridian, including the software purchase agreement between Debtor and Softmart and the two agreements between Debtor and Microsoft.

After Softmart filed suit to protect these payments from being returned to Debtor, the bankruptcy court held the payment could not be returned to Debtor because Debtor received "new value" from Softmart. First, the court held that Softmart's forbearance from advising Microsoft about Debtor's breach was "new value." Second, the court held that Debtor's continued use of the software license during the preference period and its retention of the ability to transfer the software licenses constituted "new value." The court reasoned that Microsoft would have exercised its right to terminate Debtor's continued use and ability to transfer if advised of the breach. The court also held it was not necessary for Softmart to quantify the "new value" at issue.

The Committee raises three issues on appeal: (1) whether the bankruptcy court erred in holding that forbearance from a potential remedy constituted "new value" under § 547(a)(2) and (c)(4); (2) whether the bankruptcy court erred in finding that Softmart provided "new value" to and for the benefit of Debtor; and (3) whether the bankruptcy court erred by failing to require Softmart to quantify the "new value" at issue.

Whether forbearance constitutes "new value" is a question of law. "District and appellate courts review factual findings of the bankruptcy courts under a clearly erroneous standard, but review conclusions of law *de novo*." *Matter of Newman*, 903 F.2d 1150, 1152 (7th Cir. 1990).

"New value" is "money or money's worth in goods or services . . . but does not include an obligation substituted for an existing obligation." 11 U.S.C. §547(a)(2). The Committee argues

2

that the bankruptcy court erred in holding that Softmart's forbearance constituted "new value." The Court agrees. *See In re Jones Truck Lines, Inc.*, 130 F.3d 323, 327 (8th Cir. 1997) ("forbearance from terminating benefits is not 'new value'"); *In re Jet Florida System, Inc.*, 841 F.2d 1082, 1084 (11th Cir. 1988) ("forbearance from terminating lease is not 'new value'"); *In re Air Conditioning, Inc.*, 845 F.2d 293 (11th Cir. 1988) (same); *Drabkin v. A.I. Credit Corporation*, 800 F.2d 1153, 1159 (D.C. Cir. 1986) (same); *In re Ottawa Cartage, Inc.*, 1985 U.S. Dist. LEXIS 14029 (Same).

Softmart's forbearance from advising Microsoft of Debtor's breach provided nothing of value to Debtor. The only testimony presented to the bankruptcy court conclusively established that after Debtor made the payments to Softmart, Softmart "did not deliver any goods, . . . provide any services . . . [, or] provide any new credit to the Debtor." Furthermore, the purchase agreement – the only contract to which Softmart was privy – provided no revocation rights to Softmart, but rather only the ability to advise Microsoft of Debtor's breach. And even if Softmart reported the breach to Microsoft, Microsoft had the option to act. Because Microsoft was free to exercise its own discretion on whether to revoke the licenses, Softmart's abstention from advising Microsoft of Debtor's breach conferred nothing of value to Debtor.

The second issue before the Court is whether the bankruptcy court erred when it held that Softmart provided Debtor "new value" when Debtor transferred the contracts to Meridian. The bankruptcy court found Debtor's payments allowed continued use of the software licenses and the ability to transfer the contract constituted "new value". The bankruptcy court also found that Debtor's ability to "transfer its rights under [the] agreements to Meridian" was "new value" pursuant to *In re Discovery Zone* 2004 WL 2346002. Additionally, the bankruptcy court held

3

that Meridian benefitted from the use of Debtor's contracts. The Court disagrees.

Debtor's continued use of the software licenses is not "new value." 11 U.S.C. § 547(a)(2). Debtor contracted with Softmart under a purchase agreement to use the software licenses in exchange for quarterly payments. After filing its bankruptcy petition, Debtor continued to use the software licenses pursuant to the original purchase agreement but breached its payment obligations. The court reasoned that the payments made by Debtor and Meridian for continued use are not avoidable because "[Debtor] avoid[ed] termination of the [two Microsoft agreements]." However, Softmart provided nothing new to Debtor.

Also, Debtor's transfer of the contracts to Meridian is not "new value;" rather, it was an assignment and assumption authorized by the bankruptcy court. Debtor was relieved of its duty to pay Softmart under the purchase agreement, a duty that Meridian assumed. Softmart did not transfer "new value."

Additionally, the court held that Meridian benefitted from Debtor's contracts with Microsoft because Debtor received discounted volume pricing. Notwithstanding, the assignment and assumption, the Microsoft agreements were standard operating procedure for end-users of software licenses, like Debtor, contracting with "large account resellers," like Softmart. Debtor did not receive special consideration when contracting with Microsoft nor would Meridian if it had itself contracted with Microsoft. Thus, Debtor received no "new value" from any transfer of the contracts to Meridian.

The final issue on appeal concerns the bankruptcy court's failure to require Softmart to quantify (in dollars) the "new value" conferred to Debtor. Because the Court has concluded that Debtor was not provided with any "new value" under § 547(a)(2), this issue is moot and need not

be addressed.

ORDERED: The final Judgment Order of the U.S. Bankruptcy Court in favor of Softmart Inc. is reversed and judgment is granted in favor of the Official Committee of Unsecured Creditors of ABC-Naco, Inc. Softmart will submit a draft judgment consistent with this opinion on or before August 22, 2005. *See* Fed. R. Civ. P. 58, 79(a).

ENTER:

*[signature: George W. Lindberg]*

GEORGE W. LINDBERG
Senior U.S. District Judge

DATED: August 8, 2005